IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PAUL EUGENE HENSON,<br>　　　Petitioner, | §<br>§<br>§ | |
| v. | § | Civil Action No. 4:12-CV-759-Y |
| | § | |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>　　　Respondent. | §<br>§<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Paul Eugene Henson, TDCJ # 700314, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. Factual and Procedural History

On September 14, 2010, pursuant to a plea bargain agreement, petitioner pleaded guilty to possession of methamphetamine with intent to deliver in Case No. 1200957D in the Criminal District Court Number Three of Tarrant County, Texas, and was sentenced to ten years' confinement. (04State Habeas R. at 60[1]) Petitioner did not directly appeal his conviction or sentence. (Pet. at 3) On November 8, 2011, petitioner filed an application for writ of habeas corpus in state court, raising one or more of the claims presented herein, which was denied by the Texas Court of Criminal Appeals on the findings of the trial court.[2] (04State Habeas R. at cover) Petitioner filed this federal petition for writ of habeas corpus on October 23, 2012.[3] As ordered, respondent has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which petitioner filed a reply.

## D. Issues

Petitioner raises four grounds for habeas relief: He received ineffective assistance of counsel (grounds one and two); he was denied due process due to a variance between the original complaint

---

[1] "04State Habeas R." refers to the court record of petitioner's state habeas application no. WR-51,421-04.

[2] Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, — F.3d —, 2013 WL 809246 (5th Cir. Mar. 5, 2013). The petition does not state the date petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" was signed by petitioner on November 8, 2011, and the envelope in which the document was mailed reflects a postmark of November 9, 2011; thus, for purposes of these findings, the undersigned deems the state application filed on November 8, 2011.

[3] Typically, a pro se federal habeas petition is deemed filed when the petition is placed in the prison mailing system, however petitioner does not indicate the date he placed the document in the prison mailing system. (Pet. at 10) *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Accordingly, he is not given the benefit of the prison mailbox rule.

and the indictment (ground three); and the trial court improperly garnished funds from his inmate trust account to pay court costs (ground four). (Petition at 6-7)

### E. STATUTE OF LIMITATIONS

Respondent argues the petition should be dismissed with prejudice on limitations grounds. (Resp't Preliminary Resp. at 3-6) Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. The provision provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

With limited exceptions not applicable here, the limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the

3

"time for seeking such review" under subsection (A). For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time that petitioner had for filing a timely notice of appeal on October 14, 2010, and closed one year later on October 14, 2011, absent any applicable tolling. TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner's state habeas application, filed on November 8, 2011, after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner demonstrated circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. *Holland v. Florida*, 204 F.3d 168, 171-72 (5th Cir. 2000). Equitable tolling is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Id.*; *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). The petitioner bears the burden of establishing entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner alleges the statute of limitations does not apply to his case because his conviction is void in light of the variance between the original complaint, which alleges only possession of methamphetamine, and the indictment, which alleges both possession of methamphetamine and possession with intent to deliver. (Pet'r Reply at 1) Not only is petitioner's argument legally incorrect under state law, it has been uniformly rejected by the courts. (04State Habeas R. at 44) *Smith v. Thaler*, No. 3:11-CV-1826-N-BD, 2011 WL 5979850, at *2 (N.D. Tex. Oct. 18, 2011),

"time for seeking such review" under subsection (A). For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time that petitioner had for filing a timely notice of appeal on October 14, 2010, and closed one year later on October 14, 2011, absent any applicable tolling. TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner's state habeas application, filed on November 8, 2011, after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner demonstrated circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. *Holland v. Florida*, 204 F.3d 168, 171-72 (5th Cir. 2000). Equitable tolling is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Id.*; *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). The petitioner bears the burden of establishing entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner alleges the statute of limitations does not apply to his case because his conviction is void in light of the variance between the original complaint, which alleges only possession of methamphetamine, and the indictment, which alleges both possession of methamphetamine and possession with intent to deliver. (Pet'r Reply at 1) Not only is petitioner's argument legally incorrect under state law, it has been uniformly rejected by the courts. (04State Habeas R. at 44) *Smith v. Thaler*, No. 3:11-CV-1826-N-BD, 2011 WL 5979850, at *2 (N.D. Tex. Oct. 18, 2011),

*adopted,* 2001 WL 5979577 (N.D. Tex. Nov. 30, 2011). *See also Sherman v. Thaler,* No. H-09-1409, 2010 WL 1994348, at *2 (S.D. Tex. May 17, 2010) (providing "[a]lthough a petitioner's claim that his conviction is void may provide a basis for habeas relief if proven, it provides no basis for statutorily or equitably tolling the AEDPA limitations period under either existing case law or provisions of the federal statute itself"); *Randall v. Director, TDCJ-CID,* Civil Action No. 2:07-CV-0204, 2008 WL 2128231, at *2 (E.D. Tex. May 16, 2008) (holding a petitioner cannot "evade the effect of the statute of limitations by the simple expedient of arguing that his conviction if void"); *Willis v. Dretke,* Civil Action No. 3:03-CV-1284-G, 2005 WL 39053, at *3 (N.D. Tex. Jan. 6, 2005) (holding a petitioner is not entitled to equitable tolling of AEDPA statute of limitations based on argument that trial court lacked jurisdiction).

Petitioner's federal petition was due on or before October 14, 2011; therefore, his petition filed on October 23, 2012, was filed beyond the limitations period and is untimely.

## II. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and

5

recommendation until March __29__, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted March __29__, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March __8__, 2013.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

6