IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PAUL EUGENE HENSON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:12-CV-759-Y |
| | § | |
| RICK THALER, | § | |
| Director, T.D.C.J. | § | |
| Correctional Institutions Div. | § | |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
AND ORDER DENYING CERTIFICATE OF APPEALABILITY

In this action brought by petitioner Paul Eugene Henson under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on March 8, 2013; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on March 20, 2013.

The Court, after **de novo** review, concludes that Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be dismissed with prejudice as time-barred under 28 U.S.C. § 2244, for the reasons stated in the magistrate judge's findings and conclusions, and for the additional reasons set forth herein.

Henson objects to the magistrate judge's analysis of whether he should be given equitable tolling by alleging that he was misled by his attorney and the state trial court as to his right to appeal. The one-year limitation period for filing a petition under

§ 2254 is subject to equitable tolling.[1] The burden is on the petitioner--here Henson--to show rare, exceptional and/or extraordinary circumstances beyond his control that made it impossible for him to timely file a § 2254 petition.[2] The United States Court of Appeals for the Fifth Circuit has held that "'equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"[3] A "'garden variety claim of excusable neglect'" does not support equitable tolling.[4] "Ignorance of the law, even for an incarcerated *pro se* prisoner," generally does not warrant equitable tolling.[5]

Henson now alleges that a document entitled "Trial Court's Certification of Right to Appeal," and his attorney, misled him about his right to appeal. But that document, signed by Henson on September 14, 2010, and filed in state court on September 14, 2010, actually notes that Henson's case "was a plea bargain case, and the

---

[1] *See Holland v. Florida,* 130 S. Ct. 2549, 2560-61 (2010)(applying equitable tolling to review of timeliness of petitions under 28 U.S.C. § 2254); *see United States v. Redd,* 562 F.3d 309, 314 (5th Cir. 2009)(equitable tolling of § 2255 petition);(equitable tolling applies to the § 2255 limitation provision)(citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)*cert. den'd,* 526 U.S. 1074 (1999)); *see also Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999), *cert. den'd,* 531 U.S. 1164 (2001).

[2] *See Holland,* 130 S. Ct. at 2562 (petitioner must show "'extraordinary circumstances stood in his way and prevented timely filing'")(quoting *Pace v. DiGuglelmo,* 544 U.S. 408, 418 (2005); *United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000)(§ 2255 can be tolled in "rare and exceptional" circumstances).

[3] *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999)(quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)),*cert. den'd,* 529 U.S. 1057 (2000).

[4] *Id.; see also United States v. Jackson,* No. 10-10401, 2012 WL 1521684, at *4 (5th Cir. May 1, 2012)("We do not extend equitable tolling under § 2255(f) to instances of 'excusable neglect'")(citation omitted).

[5] *See Fisher,* 174 F.3d at 714.

defendant has NO right to appeal." (*In re Henson,* WR-51,421-04, at 59.) Henson now writes that this document shows that he was "misled by attorneys and that I never waived my right to appeal." (Objections at 1.) Although an attorney's intentional deceit could warrant equitable tolling if the party shows reliance on a deceptive misrepresentation, mere attorney negligence does not warrant equitable relief.[6] The Fifth Circuit has expressly noted: "[I]f there were ever any doubt that an attorney's error or neglect does not warrant equitable tolling, our recent decision in *Cousin v. Lensing,* 310 F.3d 843 (5th Cir. 2002) erased it: `[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified.'"[7] Although Johnson contends he was misled, the document he references does not support the allegation, and he has not otherwise claimed that counsel intentionally deceived him.

Furthermore, to be entitled to equitable tolling, a defendant must show that he pursued the filing of his petition under § 2254 with diligence and alacrity.[8] As otherwise stated, "equitable tolling is unavailable to 'those who sleep on their rights.'"[9]

---

[6]*United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002)(noting that since a prisoner has no right to counsel during post-conviction proceedings, ineffective assistance of counsel is irrelevant to the tolling decision), *cert den'd,* 529 U.S. 952 (2003).

[7]*Id.*

[8]*See Holland,* 130 S.Ct. at 2562 (petitioner must show that "he has been pursuing his rights diligently")(quoting *Pace,* 544 U.S. at 418); *see also Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000).

[9]*Huley v. Thaler,* 421 Fed. Appx. 386, 390 (5th Cir. 2011)(quoting *Covey v. Ark. River Co.,* 865 F.2d 660, 662 (5th Cir. 1989)), *cert. den'd,* 132 S.Ct. 1923 (2012)); *see also Alexander v. Cockrell,* 294 F.3d 626, 629 (5th Cir. 2002)("[equitable tolling] will not be applied where the applicant failed to diligently pursue habeas corpus relief under § 2254 . . .")(citing *Patterson,* 211 F.3d at 930).

3

Henson has not shown the kind of diligence to afford equitable tolling for his failure to file a § 2254 petition. Henson's objection based upon equitable tolling is overruled.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Petitioner Paul Eugene Henson's petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[10] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[11] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[12] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[13]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Henson has made a showing that reasonable jurists would question this Court's rulings, the

---

[10]*See* Fed. R. App. P. 22(b).

[11]Rules Governing Section 2254 Proceedings in the United States District Courts, Rule 11(a) (December 1, 2009).

[12]28 U.S.C.A. § 2253(c)(2)(West 2006).

[13]*Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003)(citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

4

Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the March 8, 2013 Findings, Conclusions, and Recommendation of the United States Magistrate Judge.[14]

Therefore, a certificate of appealability should not issue.

SIGNED March 27, 2013.

*[signature: Terry R. Means]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[14]*See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).